NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DEBBIE SANDS, | No. 24-7237 |
| Plaintiff-ctr-defendant - Appellee, | D.C. No. 4:23-cv-04680-DMR |
| v. | MEMORANDUM[*] |
| DANIEL NORMAN, |  |
| Third-pty-defendant - Appellant. |  |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted November 20, 2025
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.
Dissent by Judge BRESS.

In this interpleader action, Debbie Sands and Daniel Norman claim the

benefits of two life insurance policies issued by Midland National Life Insurance

Company to Eric Baxley, who is deceased. The last recorded beneficiary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

designations on file for the policies identify Sands as Baxley's "Domestic Partner" and "Fiancee" and designate her as the 100% primary beneficiary. They designate Norman, who is Baxley's cousin, as the 100% contingent beneficiary. Sands presented the beneficiary designations to the district court to establish that she is entitled to the benefits. Norman failed to make any coherent legal argument or identify any issues of material fact that could invalidate the last recorded beneficiary designation. The district court granted summary judgment to Sands, which Norman now timely appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Inteliclear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). We affirm a grant of summary judgment where, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When determining who is the beneficiary of a life insurance policy under

California law, which applies here, courts use a two-step inquiry to give effect to "the intent of the insured as expressed by the [beneficiary designation]." *Metro. Life Ins. Co. v. Galicia*, No. 5:19-cv-01412-JWH-KKx, 2021 WL 5083439, at \*4 (C.D. Cal. Nov. 1, 2021) (alteration in original) (quoting *Beck v. W. Coast Life Ins. Co.*, 38 Cal. 2d 643, 646-47 (1952)). First, a claimant asserting that she is the designated beneficiary must come forward with evidence proving that she is the designee. *Id.* Then, if a second claimant challenges the validity of the beneficiary designation, the burden shifts to the second claimant to prove undue influence, incapacity, or fraud. *Id.* (citations omitted); *see Primerica Life Ins. Co. v. Spaid*, No. 2:16-CV-1201-RGK-AFM, 2016 WL 9223793, at \*2 (C.D. Cal. Oct. 18, 2016).

At the first step, Sands presented the last recorded beneficiary designations on file to satisfy her burden of demonstrating that she is entitled to receive the proceeds of the life insurance policies. At the second step, Norman fails to make a legal argument with contentions that could invalidate the last recorded beneficiary designations. Norman affirmatively waived any theory of fraud. He does not argue that Baxley was incapacitated. Nor does he argue that Baxley was unduly influenced, although the district court went to great lengths to consider this theory on Norman's behalf.

Norman presents no argument that the district court erred in its application of the facts to a theory of undue influence. We have "repeatedly admonished that we cannot 'manufacture arguments for an appellant,'" and we decline to speculate as to what arguments Norman might have made. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994)). Without the scaffolding of any legal theory on which he might prevail, Norman's repeated insistence that "this is a lawsuit with many disputed facts" is unavailing. A fact becomes material only "if it 'might affect the outcome of the suit under the governing law.'" *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 248). We affirm the district court because Norman has failed to argue—let alone establish—that there is any genuine dispute of material fact in this case.

**AFFIRMED.**

*Sands v. Norman*, No. 24-7237

BRESS, Circuit Judge, dissenting:

The majority concludes that Norman "fails to make a legal argument with contentions that could invalidate the last recorded beneficiary designations." It then declines to address any of the facts of this case. I agree that Norman could have been clearer in articulating the legal theory through which he seeks to contest the proper distribution of Eric Baxley's life insurance policies. But the basis for this lawsuit is apparent: Norman argues that the insurance documents listing Sands as the primary beneficiary of the policies do not represent the true intent of the deceased Baxley. The case is circumstantial, as many cases are. But the contention is that through her influence on Baxley in the final period of his life, Sands corrupted Baxley and thereby improperly arranged for him to list her as the primary beneficiary. In my view, there is a genuine issue of material fact over whether Sands exerted this undue influence and whether Baxley's late changes to the beneficiary designations reflected his true intent.

Undue influence under California law requires courts to consider: (1) the vulnerability of the victim; (2) the influencer's apparent authority; (3) the actions or tactics used by the influencer; and (4) the equity of the result. Cal. Welf. & Inst. Code § 15610.70(a)(1)–(4)). But "[b]ecause perpetrators of undue influence rarely leave any direct evidence of their actions, plaintiffs typically rely on circumstantial

1

evidence and the reasonable inferences drawn from that evidence to prove their case." *Keading v. Keading*, 60 Cal. App. 5th 1115, 1125 (2021).

Here, Baxley was near death and in a clearly vulnerable state at the time of the beneficiary changes. The series of changes to Baxley's life insurance policies occurred between January and February 2022, at the end of Baxley's life when Baxley was in and out of the hospital. Additionally, the district court correctly found that there is a dispute of fact over whether Sands had influence over Baxley, given that Sands asserts she was engaged to Baxley at the time of his passing.

The district court went on to conclude, however, that Norman failed to produce evidence tying Sands to the beneficiary changes, meaning that Norman had failed to show any "actions or tactics" used by Sands that could support a claim of undue influence. In my respectful view, the record does not bear out that conclusion; it is at least genuinely disputed. Sands was assertedly engaged to Baxley and had a close relationship with him at the time of his death. That alone provides some basis to infer that she had a hand in the changes to his beneficiary designations. But even more, Sands signed a Certification of Trust document that accompanied one of the contested beneficiary change requests. Although that document ties Sands to the beneficiary changes at issue in this case, the district court discounted this evidence on the ground that "Sands offers her own explanation regarding the document." But in doing so, the district court improperly credited Sands's account of the evidence

2

instead of construing the facts in the light most favorable to Norman, the non-moving party.

The district court also disregarded other evidence tying Sands to the beneficiary changes. Those changes listed Sands as a primary beneficiary and Jason Meza as a contingent beneficiary. The updated form further lists Meza as a cousin of Baxley, but Meza bore no familial relation to Baxley, and Baxley's mother submitted a declaration saying that Meza was not even a friend of Baxley's. Conversely, Baxley's mother averred that Meza was associated with Sands. Taken as a whole, the evidence creates a genuine dispute over whether Sands played a role in the beneficiary changes, which is underscored by the fact that Sands herself stood to benefit greatly from those changes.

Further supporting Norman are the suspicious circumstances and irregularities surrounding the beneficiary changes. Shortly before the beneficiary changes were made, Midland National Life Insurance Company (the issuer of the policies in this case) received a request to change Baxley's email address and telephone number on file. According to Baxley's mother, Baxley never used that email or phone number. Furthermore, Midland filed an interpleader complaint due to concerns over the validity of the January and February 2022 changes. As Midland observed, the beneficiary change forms were "repetitive" and "mistake-riddled." Those discrepancies were unusual coming from Baxley, who was previously employed as

3

an insurance agent himself.  Moreover, Baxley's mother (who Sands did not depose) stated that at the time of Baxley's death, he wanted Sands "out of his life."  Finally, multiple witnesses stated that they were familiar with Baxley's signature and that the signatures on the beneficiary change forms were different.

To be sure, Sands has responses to these oddities.  But those responses merely reinforce the conclusion that the record establishes a genuine dispute of material fact over whether Sands exerted undue influence over the beneficiary changes at issue in this case.  At bottom, this is a dispute that turns on the credibility of the various witnesses.  Accordingly, I believe that the district court erred by granting summary judgment for Sands.  I respectfully dissent.